IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Case No. 1:11-cv-00109-MR
[Criminal Case No. 4:94-cr-00044-MR-12]

| | |
|---|---|
| CHUNGA HAKI MATATA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1] and Petitioner's motion to proceed *in forma pauperis* [Doc. 2].  For the reasons that follow, Petitioner's Section 2255 motion will be dismissed as successive and his motion to proceed *in forma pauperis* will be denied as moot.

**I.  FACTUAL BACKGROUND**

In 1994, Petitioner and nineteen others were charged with conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846; possession of cocaine base, in violation of 21 U.S.C. § 841; using a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c);

and possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). Petitioner was convicted by a jury in October 1995 on five counts of possession of cocaine base with intent to distribute; using a firearm during a drug trafficking crime; and possession of a firearm by a felon. The jury did not reach a verdict on the conspiracy charge and the Government elected not to pursue a retrial of that charge. The Government subsequently dismissed the § 924(c) charge due to an admitted defect in the Bill of Indictment.

Petitioner was found to be a career offender under U.S. Sentencing Guideline (USSG) § 4B1.1, and based on the quantity of drugs involved, Petitioner was sentenced to a total term of 360 months' incarceration in March 1997. Petitioner subsequently appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed his conviction and sentence. United States v. Matata, 149 F.3d 1171 (4th Cir. 1998) (unpublished table decision). Petitioner did not file a petition for a writ of certiorari with the Supreme Court of the United States.

On April 12, 1999, Petitioner filed a timely § 2255 motion which was assigned to Judge Lacy H. Thornburg who had been the presiding judge at

Petitioner's trial and sentencing.[1] In his motion, Petitioner challenged the sufficiency of his indictment, the calculation of his offense level, the quantity of drugs attributable to him, the failure of the Government to prove that he was dealing cocaine base, and claims of ineffective assistance of counsel which largely related to his counsel's alleged failure to pursue the four claims set forth above. On June 16, 1999, Judge Thornburg entered an Order denying the § 2255 motion, finding each claim to be without merit. [See 4:99-cv-00068-LHT, Doc. 3: Order]. Petitioner appealed to the Fourth Circuit, but the appeal was dismissed on January 5, 2000. United States v. Matata, 202 F.3d 261 (4th Cir. 2000) (unpublished table decision).

Petitioner then filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The motion was granted in part and denied in part on April 7, 2009. Petitioner's sentence was reduced to 291 months as to two of the counts for possession with intent to distribute cocaine base (Counts 24 and 25) and one count of possession of a firearm by a convicted felon (Count 18). Petitioner's sentence for the other three counts for possession with intent to distribute cocaine base (Counts 12, 15, and 16) remained at the statutory maximum of 240 months with all of these terms to run concurrently. [See 4:94-cr-00044-MR, Doc. 634: Order on Motion to

---

[1] Judge Thornburg has since retired. For that reason, this matter has been assigned to the undersigned.

Reduce Sentence]. Petitioner filed a motion for reconsideration which was denied. He then filed an appeal to the Fourth Circuit. On April 22, 2010, the Court of Appeals affirmed the District Court's denial of his motion for reconsideration. United States v. Matata, 375 F. App'x 360 (4th Cir. 2010) (unpublished).

On May 2, 2011, Petitioner filed the present § 2255 motion, contending that he received ineffective assistance of counsel due to his counsel's failure to file an appeal from the Court's order denying his motion for reconsideration. Specifically, Petitioner argues that his counsel, who was appointed solely for the purpose of assisting with the motion filed pursuant to 18 U.S.C. § 3852, was ineffective in failing to file an appeal from (1) the District Court's "procedurally and substantively unreasonable sentence" due to the Court's failure to state a particular basis for imposing the amended sentence; (2) the District Court's reliance on "clearly erroneous facts"; (3) the District Court's failure to comply with the provisions of 18 U.S.C. § 3553(c)(1); and (4) the District Court's failure to make an individualized assessment as required by § 3553(a). [Doc. 1-3 at 4].

## II. DISCUSSION

As identified above, Petitioner has already filed an unsuccessful § 2255 motion challenging his criminal judgment and this would therefore appear to be an unauthorized, successive § 2255 motion. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Further, the statute provides, in pertinent part, as follows:

> [No] district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).

Section 2255, in turn, provides in pertinent part, as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Court finds that the correctness of Petitioner's criminal judgment and the legality of his detention under § 2255 have already been conclusively determined by the Fourth Circuit Court of Appeals following its affirmance of the district court's denial of his first § 2255 motion.[2] The Court would note, in any event, that Petitioner did appeal, with or without assistance of counsel, from the District Court's Order denying his motion for reconsideration of his sentence reduction, and the Fourth Circuit affirmed for the reasons stated by the District Court. Namely, the District Court found that 291 months, at least for some of Petitioner's counts, was an appropriate sentence under the amended Guidelines range. See Matata, 375 F. App'x 360. [Criminal Case No. 4:94-cr-00044-MR, Doc. 637: Notice of Appeal]. Contrary to Petitioner's current claims, his counsel did in

---

[2] Petitioner did not file a petition for a writ of certiorari from the Fourth Circuit's January 5, 2000 decision; therefore, his criminal judgment was final on or about April 5, 2000. See Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for certiorari, or when the time for filing a certiorari petition expires."); see also Sup. Ct. R. 13.1 (providing 90 days from entry of court of appeals of decision for filing of certiorari petition). The subsequent modification of Petitioner's sentence under § 3582 did not affect the finality of that judgment. See United States v. Sanders, 247 F.3d 139, 143 (4th Cir. 2001).

fact argue in the motion for reconsideration for a further reduction and asserted that the Court had discretion to impose any sentence within the amended Guidelines. [See id., Doc. 635: Motion for Reconsideration].

Finally, Petitioner's present claim, whether presented in a successive petition or not, would nevertheless be rejected on the merits. The Order granting the reduced sentence was appealed to the Court of Appeals. The issue of whether the district court's decision to reduce his sentence was procedurally and substantively reasonable was affirmed by the Fourth Circuit. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (holding that the law of the case doctrine "forecloses litigation of issues expressly or impliedly decided by the appellate court."). As the Fourth Circuit affirmed for the reasons stated by the District Court it would follow, then, that the District Court's conclusion in reaching the amount of the reduced sentence was substantively and procedurally reasonable.

## III. CONCLUSION

For the reasons stated herein, the Court finds the present § 2255 motion is an unauthorized, successive petition and it must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition

7

deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that Petitioner's motion to proceed *in forma pauperis* [Doc. 2] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 7, 2013

Martin Reidinger
United States District Judge